# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN KITCHEN DELIGHTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 8403 |
| v. ) | |
| ) | |
| TINO'S ITALIAN SPECIALTY FOODS LLC/ ) | Judge Thomas M. Durkin |
| TINO'S SPECIALTY FOODS AND TINO LETTIERI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff American Kitchen Delights, Inc. sued defendants Tino's Italian Specialty Foods LLC/Tino's Specialty Foods ("T.I.S. Foods") and Tino Lettieri for breach of contract and related claims. Currently before the Court is Lettieri's motion to dismiss for improper service under Fed. R. Civ. P. 4(m) and 12(b)(4)-(5). R. 35. For the reasons that follow, the Court denies Lettieri's motion, but orders that Lettieri (and T.I.S. Foods if it is to remain a defendant) be properly served on or before October 26, 2018.

## Background

Plaintiff originally filed this case in state court against Lettieri, T.I.S. Foods (a dissolved entity of which Lettieri was the manager), and Select Foods Products,[1] Inc. R. 3. Select Foods removed the case to this Court on November 20, 2017. *Id.* Lettieri consented to removal on behalf of himself and T.I.S. Foods, but his consent

---

[1] Plaintiff subsequently agreed to dismiss its claims against Select Foods without prejudice. R. 26.

1

stated that he had not been "joined or served in the above-captioned action" and that "T.I.S. Foods, LLC and [Lettieri] reserve all rights and defenses . . . relating to service and jurisdiction in this matter." R. 4.

Plaintiff moved to remand to state court on December 20, 2017, R. 11, and Select Foods opposed that motion, R. 18. In its opposition, Select Foods explained that neither Lettieri nor T.I.S. Foods "had been joined or served." R. 18 at 3. This Court denied plaintiff's motion to remand on April 17, 2018. R. 21. The Court's order noted that Lettieri and T.I.S. Foods had not been served. *Id.* at 4 n.1.

At a status hearing on April 19, 2018, the Court instructed plaintiff's counsel to serve the complaint on all defendants. R. 23 at 2 ¶ 6. On June 4, 2018, plaintiff moved for an extension of time to file an amended complaint and serve defendants, and this Court granted that motion. R. 23; R. 24. Plaintiff filed its amended complaint on June 13, 2018. R. 25. Plaintiff filed another motion for extension of time to accomplish service on July 18, 2018, which this Court granted. R. 28; R. 30.

On June 27, 2018, plaintiff and Select Foods filed a stipulation of dismissal without prejudice of all claims against Select Foods. R. 26. In that stipulation, plaintiff expressly acknowledged that "Plaintiff and Select Foods Products, Inc. are the only parties who have been served or who have appeared in this action." *Id.*

On August 20, 2018, an unsigned summons, which did not contain the Court's seal, and an unsigned amended complaint were hand-delivered to Lettieri's son at Lettieri's home. R. 33. On September 10, 2018, Lettieri moved to dismiss all claims against him and T.I.S. Foods for improper service. R. 35. At the status date

2

setting a briefing schedule on the motion to dismiss, plaintiff indicated that it would likely dismiss its claims against T.I.S. Foods. It has not yet done so.

## Analysis

Federal Rule of Civil Procedure 4 governs service of process in federal courts. Rule 4(m) requires the plaintiff to properly serve all defendants within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See id.; see also Troxell v. Fedders of N. America, Inc.,* 160 F.3d 381, 382-83 (7th Cir. 1998). There is no precise test for good cause, but the plaintiff must show at least "reasonable diligence" in effecting service. *Bachenski v. Malnati,* 11 F.3d 1371, 1377 (7th Cir. 1993). If the plaintiff does not show good cause, the Court has discretion to either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *Troxell,* 160 F.3d at 382-83.

Service of process in removal cases is also governed by 28 U.S.C. § 1448, which provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

"Section 1448 allows for the completion of state service of process if the process was commenced prior to the date of removal." *Schmude v. Sheahan*, 214 F.R.D. 487, 490 (N.D. Ill. 2003) (citing 28 U.S.C. § 1448). "After removal, a plaintiff has two options

3

for providing proper service of process: (1) service pursuant to Rule 4; or (2) service pursuant to state court rules if the plaintiff commenced such service prior to the removal." *Id.*

Here, plaintiff does not claim that it properly commenced service of process on Lettieri or T.I.S. Foods prior to removal such that state court rules apply. Nor does plaintiff claim that it has properly served Lettieri or T.I.S. Foods within 90 days of filing its original complaint in compliance with Rule 4 (or in compliance with state court law even if it did apply). Plaintiff concedes that its August 20, 2018 summons served on Lettieri "was technically defective rendering it ineffectual." R. 40 at 4. Indeed, Rule 4 requires that a summons be "signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F-G). Plaintiff's summons was unsigned by the clerk and did not bear the court's seal. R. 38-1. Plaintiff instead makes three arguments as to why dismissal is nevertheless inappropriate.

*First*, plaintiff claims that Lettieri waived his objections to service by participating in this case. In support, plaintiff points to Lettieri's consent to removal and supposed "participat[ion] on the merits of the removal." R. 40 at 1.

A defendant may waive an improper service defense even prior to filing an answer or a Rule 12 motion "by submission through conduct." *Schmude*, 214 F.R.D. at 491. In *Schmude*, for example, the court found waiver through conduct where a defendant failed to raise a service defense for two years following removal, during which time the defendant litigated a motion to remand, a motion for reconsideration, and a petition for leave to appeal the remand order. *Id.* at 491-92.

4

Unlike in *Schmude*, Lettieri and T.I.S. Foods did not litigate a motion to remand prior to raising a service objection. Select Foods litigated the motion to remand. Both Select Foods in its opposition and the Court in its order denying the motion to remand made clear that Lettieri and T.I.S. Foods had not been served. And Lettieri expressly stated in his consent to removal on behalf of himself and T.I.S. Foods that he had not been "joined or served in the above-captioned action" and that "T.I.S. Foods, LLC and I reserve all rights and defenses . . . relating to service and jurisdiction in this matter." R. 4. After the Court denied plaintiff's motion to remand, Lettieri and T.I.S. Foods's counsel continued to raise the issue of service at status conferences, and this Court ordered plaintiff to properly serve these defendants. There was no waiver here.

*Second*, plaintiff argues that it has shown the good cause (*i.e.*, at least "reasonable diligence," *Bachenski,* 11 F.3d at 1377) that requires this Court to extend time for service. Fed. R. Civ. P. 4(m). It has not. Plaintiff has provided no compelling explanation for its failure to perfect service when it finally delivered a summons to Lettieri on August 20, 2018 after several extensions of time.

*Third*, plaintiff argues that even in the absence of good cause, this Court should exercise its discretion to "order that service be made within a specified time" instead of "dismiss[ing] the action without prejudice." Fed. R. Civ. P. 4(m); *see also Gerrard v. Andrews Int'l, Inc.*, 2010 WL 3724776, at *3 (C.D. Ill. July 28, 2010) ("A showing of good cause *requires* a Court to grant an extension. A lack of good cause simply commits the decision to the Court's discretion.").

5

On this point, the Court agrees with plaintiff. As plaintiff points out, this case appears to be within the limitations period, and Lettieri has cited no harm that would result from this Court granting more time rather than dismissing without prejudice. Lettieri does not dispute that he has had actual notice of this case since at least the time it was removed, meaning "there is no unfair surprise or harm to [Lettieri]" by granting plaintiff more time. *See id.* at *4. The Court therefore allows plaintiff a limited amount of time to properly serve Lettieri (and T.I.S. Foods if plaintiff seeks for T.I.S. Foods to remain a defendant). Any further failure to comply with service requirements will result in a dismissal without prejudice absent a showing of good cause.

**Conclusion**

For the foregoing reasons, the Court denies Lettieri's motion to dismiss (R. 35), but orders plaintiff to properly serve Lettieri (and T.I.S. Foods if it is to remain a defendant) on or before October 26, 2018.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 10, 2018